UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD VANDERHOOF & VIENA LENORE VANDERHOOF,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONSTAR MORTGAGE,<br><br>Defendant. | No. 2:17-cv-2563-TLN-KJN PS<br><br>ORDER |

Presently pending before the court is defendant's motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). (ECF No. 6.) Plaintiff has failed to oppose the motion in accordance with Local Rule 230(c). For the reasons discussed below, the court GRANTS the motion.

Federal Rule of Civil Procedure 12(e) provides that:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

1

Fed. R. Civ. P. 12(e).

In this case, plaintiffs initially filed their complaint in the Placer County Superior Court, generally alleging that defendant Nationstar did not properly notify plaintiffs regarding their default and foreclosure proceedings with respect to real property. The Complaint does not contain paragraphs; makes vague references to robo signing, fraud, due process violations, and lack of standing to foreclose; contains little in the form of factual allegations; and appears to request the court to set aside a non-judicial foreclosure sale held on October 11, 2017. (See generally ECF No. 1-3.) Defendant subsequently removed the action to federal court based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332. (ECF No. 1.)

Plaintiffs' complaint plainly fails to meet the pleading requirements of the Federal Rules of Civil Procedure. Under Rule 8, "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). Also, Rule 10 requires the use of numbered paragraphs in a complaint, enabling the opposing party to more easily respond to factual allegations and claims in an answer or appropriate responsive motion." Fed. R. Civ. P. 10(b).

Additionally, to avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

////

2

Because plaintiffs initially filed this action in state court, and thus did not contemplate having to comply with the Federal Rules of Civil Procedure, the court finds it appropriate to grant defendant's motion and provide plaintiffs an opportunity to file an amended complaint that complies with the Federal Rules of Civil Procedure. Additionally, because plaintiffs are proceeding without counsel, the court grants plaintiffs some additional time beyond the standard 14 days outlined in Rule 12(e) to prepare an amended pleading.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion for a more definite statement (ECF No. 6) is GRANTED.
2. Plaintiffs' complaint is DISMISSED, but with leave to amend.
3. Plaintiffs shall file any amended complaint, which complies with the Federal Rules of Civil Procedure, within 30 days of this order. Alternatively, if plaintiffs no longer wish to pursue this action in federal court at this time, they may file a notice of voluntary dismissal of the action without prejudice within 30 days of this order.
4. Failure to timely comply with this order may result in dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Dated: January 10, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE