UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD VANDERHOOF & VIENA LENORE VANDERHOOF,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONSTAR MORTGAGE,<br><br>Defendant. | No. 2:17-cv-2563-TLN-KJN PS<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

INTRODUCTION

Presently pending before the court is defendant Nationstar Mortgage's ("Nationstar")

motion to dismiss the first amended complaint filed by plaintiffs Clifford Vanderhoof and Viena

Lenore Vanderhoof. (ECF No. 15.) Plaintiffs opposed the motion, and Nationstar filed a reply

brief. (ECF Nos. 17, 18.)[1] After carefully considering the court's record and the applicable law,

the court recommends that Nationstar's motion be GRANTED and the case be DISMISSED

without further leave to amend.

////

---

[1] The motion was submitted for decision without oral argument on the record and written briefing
pursuant to Local Rule 230(g).

1    BACKGROUND

2        Around October 25, 2007, plaintiff Clifford Vanderhoof obtained a $146,500.00 mortgage

3    loan by virtue of a note secured by a Deed of Trust pertaining to real property located at 800

4    Drake Drive, Newcastle, California, 95658 (the "Property"). See Request for Judicial Notice,

5    ECF No. 15-1 ["RJN"], Ex. A at pp. 1-2.)[2]  The Deed of Trust was recorded on October 31, 2007.

6    (Id. at p. 1.)  The Deed of Trust identified Countrywide Bank, FSB as the lender; ReconTrust

7    Company, N.A. as the trustee; and Mortgage Electronic Registration Systems, Inc. ("MERS") as

8    the nominee for the lender and the lender's successors and assigns, as well as the beneficiary

9    under the Deed of Trust.  (Id. at p. 2)  The Deed of Trust provided that the note or a partial

10   interest in the note, together with the Deed of Trust, could be sold one or more times without

11   prior notice to the borrower.  (Id. ¶ 20.)  Additionally, the Deed of Trust contained a power of

12   sale provision, providing that MERS, as nominee for the lender and lender's successors and

13   assigns, had the right to exercise the lender's interests, including the right to foreclose and sell the

14   Property upon default.  (Id. at p. 3.)

15       On March 8, 2016, the beneficial interest in the Deed of Trust was assigned to Nationstar,

16   and a Corporate Assignment of Deed of Trust was recorded on March 25, 2016.  (RJN, Ex. B.)

17       Thereafter, on March 31, 2016, Nationwide substituted Clear Recon Corp. as the trustee

18   under the Deed of Trust, and the Substitution of Trustee was recorded on April 12, 2016.  (RJN,

19   Ex. C.)

20       On October 20, 2016, a Modification of Deed of Trust, signed by plaintiff Clifford

21   Vanderhoof and Nationstar, was recorded, providing for a fixed interest rate and a new unpaid

22   principal balance amount of $153,407.68.  (RJN, Ex. D.)

23       On February 22, 2017, Clear Recon Corp., as trustee under the Deed of Trust and pursuant

24   to Nationstar's request, recorded a Notice of Default indicating that plaintiff Clifford Vanderhoof

25   had breached his payment obligations under the loan and Deed of Trust.  (RJN, Ex. E.)

26
27
28

---

[2] The court grants Nationstar's request for judicial notice (ECF No. 15-1), which requests the court to take judicial notice of public records recorded with the Placer County Recorder's office. See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts may take judicial notice of matters of public record).

1   Subsequently, on August 1, 2017, Clear Recon Corp. recorded a Notice of Trustee's Sale, setting

2   a public auction sale of the Property for August 30, 2017.  (RJN, Ex. F.)  The Notice of Trustee's

3   Sale cautioned that the sale date could be postponed one or more times, and provided contact

4   information to ascertain any postponement(s) and any rescheduled date(s).  (Id.)  The Property

5   was ultimately sold to a third party at a public auction on October 11, 2017, and a Trustee's Deed

6   Upon Sale was recorded on October 24, 2017.  (RJN, Ex. G.)

7          Thereafter, on November 7, 2017, plaintiffs filed the instant action in the Placer County

8   Superior Court.  (ECF No. 1.)  Defendants removed the action to federal court on December 7,

9   2017, invoking the court's diversity of citizenship jurisdiction under 28 U.S.C. § 1332.  (Id.)  On

10  January 10, 2018, the court, after considering briefing related to Nationstar's motion for a more

11  definite statement, dismissed plaintiffs' original complaint with leave to amend.  (ECF No. 12.)

12  In that order, the court, in light of plaintiffs' *pro se* status, outlined the applicable law, and

13  provided some basic instructions, with respect to pleading standards under the Federal Rules of

14  Civil Procedure.  (Id.)

15         Subsequently, on January 22, 2018, plaintiffs filed the operative first amended complaint.

16  (ECF No. 14.)  Liberally construed, the first amended complaint seeks $2,000,000.00 in damages

17  based on the following claims:  (1) foreclosure sale without notification of a sale date;

18  (2) foreclosure sale that shocks the conscience; (3) foreclosure sale without a jury trial;

19  (4) improper assignment of mortgage; and (5) unjust enrichment.  (Id.)

20         The instant motion to dismiss followed on February 5, 2018.  (ECF No. 15.)

21  LEGAL STANDARD

22         A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6)

23  challenges the sufficiency of the pleadings set forth in the complaint.  Vega v. JPMorgan Chase

24  Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009).  Under the "notice pleading" standard

25  of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and

26  plain statement" of plaintiff's claims showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2); see

27  also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  "To survive a motion to dismiss,

28  a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

1  is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v.

2  Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads

3  factual content that allows the court to draw the reasonable inference that the defendant is liable

4  for the misconduct alleged."  Id.

5      In considering a motion to dismiss for failure to state a claim, the court accepts all of the

6  facts alleged in the complaint as true and construes them in the light most favorable to the

7  plaintiff.  Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007).  The court is "not,

8  however, required to accept as true conclusory allegations that are contradicted by documents

9  referred to in the complaint, and [the court does] not necessarily assume the truth of legal

10  conclusions merely because they are cast in the form of factual allegations."  Paulsen, 559 F.3d at

11  1071.  The court must construe a *pro se* pleading liberally to determine if it states a claim and,

12  prior to dismissal, tell a plaintiff of deficiencies in her complaint and give plaintiff an opportunity

13  to cure them if it appears at all possible that the plaintiff can correct the defect.  See Lopez v.

14  Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police

15  Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed,

16  particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d 338, 342

17  & n.7 (9th Cir. 2010) (stating that courts continue to construe *pro se* filings liberally even when

18  evaluating them under the standard announced in Iqbal).

19      In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally

20  consider only allegations contained in the pleadings, exhibits attached to the complaint, and

21  matters properly subject to judicial notice."  Outdoor Media Group, Inc. v. City of Beaumont, 506

22  F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).  Although the court may not

23  consider a memorandum in opposition to a defendant's motion to dismiss to determine the

24  propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194,

25  1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding

26  whether to grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir.

27  2003).

28  ////

4

DISCUSSION

As an initial matter, Nationstar argues that all of plaintiffs' claims should be dismissed, because plaintiffs cannot challenge a completed foreclosure sale without tendering the amount due under their loan. However, the court notes that plaintiffs' first amended complaint requests only monetary damages and does not actually seek to set aside the foreclosure sale. Nationstar's briefing does not discuss, or cite legal authority in support of, the proposition that the tender rule also bars claims related to the foreclosure that do not actually seek to set aside the foreclosure sale. See, e.g. Vissuet v. Indymac Mortgage Services, 2010 WL 1031013, at *2 (N.D. Cal. Mar. 19, 2010) (unpublished) (California tender rule applies only where the plaintiff is trying to set aside a foreclosure sale due to some irregularity). In this case, the court need not, and does not, express any opinion regarding such application of the tender rule, because plaintiffs' individual claims in any event fail to state a claim upon which relief can be granted.

Plaintiffs' first claim alleges that the Notice of Trustee's Sale failed to provide plaintiffs with a date and time for the sale, and that the sale was thus conducted without proper notice to plaintiffs. In support of that contention, plaintiffs attached to their first amended complaint the second page of the Notice of Trustee's Sale, which does not specify the date and time for the sale. (ECF No. 14.) However, upon considering the complete recorded Notice of Trustee's Sale, of which the court may take judicial notice, the date and time for the sale clearly appears on the first page of the Notice of Trustee's Sale, along with contact information to ascertain any postponement(s) and any rescheduled date(s). (RJN, Ex. F.) As such, plaintiffs' first claim fails to state a claim upon which relief can be granted.

In their second claim, plaintiffs contend that the foreclosure sale shocked the conscience and violated the "California Unfair Deception Practice Act," because the Property was valued at over $300,000.00 and the trustee sold it for approximately $200,000.00. That claim fails as a matter of law, because California law does not require the foreclosure sale price to approximate the fair market value of the property, and the disparity here does not even plausibly shock the conscience. See Alliance Mortgage Co. v. Rothwell, 10 Cal. 4th 1226, 1236-37 (1995).

////

1    Plaintiffs' remaining claims border on the frivolous and may be disposed of without

2    significant discussion.  Plaintiffs' third claim that they were improperly denied a jury trial prior to

3    the foreclosure sale is simply incorrect as a matter of law, because California's non-judicial

4    foreclosure framework does not require any judicial proceedings, let alone a jury trial.  The fourth

5    claim appears to allege that foreclosure was improper, because the mortgage was not properly

6    assigned, the chain of title was broken, the note became unenforceable because it was separated

7    from the Deed of Trust, and plaintiffs have no contract with Nationstar.  Such conclusory

8    allegations and arguments are plainly meritless, and the public records clearly show that

9    assignments were proper and that foreclosure proceedings were appropriately initiated.  Finally,

10   the fifth claim alleges that Nationstar was unjustly enriched, because it had somehow received

11   money for the Property from some unspecified insurance policy and/or from "cashing out" the

12   promissory note.  Plaintiffs' allegations in that regard are entirely conclusory, largely

13   unintelligible, and without merit.  The Deed of Trust clearly authorized Nationstar to foreclose

14   and sell the Property upon default, whether or not any third party insurance existed.

15       Consequently, the court finds that plaintiffs' first amended complaint is subject to

16   dismissal.  The only question remaining is whether dismissal should be with or without leave to

17   amend.

18       Ordinarily, the court, consistent with applicable law, liberally grants leave to amend if it

19   appears possible that a plaintiff, and especially a *pro se* plaintiff, could amend to state a

20   potentially cognizable claim.  However, in this case, plaintiffs have already previously been

21   provided with notice regarding federal pleading requirements and an opportunity to amend.

22   Additionally, the nature of plaintiffs' claims here, as discussed above, does not suggest that they

23   could be cured in a second amended complaint.  Moreover, in their opposition brief, plaintiffs

24   provide an irrelevant dissertation on the Uniform Commercial Code and only posit additional

25   frivolous claims, such as that the foreclosure documents were invalid due to an alleged minor

26   misspelling of plaintiff Clifford Vanderhoof's name, and that plaintiffs were never actually given

27   a loan because banks purportedly cannot lend any credit or deposits.  Therefore, the court

28   concludes that granting further leave to amend would be futile.  See Cahill v. Liberty Mut. Ins.

6

1 | <u>Co.</u>, 80 F.3d 336, 339 (9th Cir. 1996).

2 | CONCLUSION

3 | Accordingly, IT IS HEREBY RECOMMENDED that:

4 | 1.    Nationstar's motion to dismiss (ECF No. 15) be GRANTED.

5 | 2.    The action be DISMISSED without further leave to amend.

6 | 3.    Any lis pendens on the Property filed by plaintiffs be expunged.

7 | 4.    The Clerk of Court be directed to close this case.

8 | In light of those recommendations, IT IS ALSO HEREBY ORDERED that all pleading,

9 | discovery, and motion practice in this action are STAYED pending resolution of the findings and

10 | recommendations by the district judge.  With the exception of objections to the findings and

11 | recommendations and non-frivolous motions for emergency relief, the court will not entertain or

12 | respond to motions and other filings until the findings and recommendations are resolved.

13 | These findings and recommendations are submitted to the United States District Judge

14 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

15 | days after being served with these findings and recommendations, any party may file written

16 | objections with the court and serve a copy on all parties.  Such a document should be captioned

17 | "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

18 | shall be served on all parties and filed with the court within fourteen (14) days after service of the

19 | objections.  The parties are advised that failure to file objections within the specified time may

20 | waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th

21 | Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

22 | IT IS SO ORDERED AND RECOMMENDED.

23 | Dated:  March 30, 2018

24 |

25 | KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

26 |

27 |

28 |